IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

OCT 4 2007

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY W.H. DEPUTY

| | |
|---|---|
| JIMMY LYN FARRELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 07-903-W |
| OKLAHOMA DEPARTMENT OF CORRECTIONS et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

On August 28, 2007, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter, and he advised plaintiff Jimmy Lyn Farrell of his right to object. The matter now comes before the Court on Farrell's response to the Report and Recommendation.

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of Farrell's claims for relief. Farrell has attempted to advance claims under title 42, section 1983 of the United States Code against defendant Oklahoma Department of Corrections ("DOC"), a state agency, and defendants Justin Jones, DOC Director, and Kristin Tims, Classification Audit Coordinator, Sentence Administrator, in their official capacities. Because the eleventh amendment to the United States Constitution bars actions in federal court that seek monetary relief from states, state agencies and/or state officers sued in their official capacities, Farrell's claims for money damages against these three defendants should be dismissed pursuant to title 28, sections 1915A(b)(2) and 1915(e)(2)(B)(iii) of the United States Code.

As to Farrell's claims, if any, against Jones and Tims in their individual capacities, case law requires that "[i]ndividual liability under [section] 1983 . . . be based on personal involvement in the alleged constitutional violation," Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)(citation omitted), and a plaintiff must show an affirmative link between the individual defendant's conduct and any constitutional violation. E.g., Stidham v. Peace Officer Standards & Training, 265 F.3d 1144, 1156-57 (10th Cir. 2001).

In reviewing the record, the Court finds that Farrell's "complaint [does not] contain[] 'enough facts to state a claim to relief that is plausible on its face,'" Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174,1177 (10th Cir. 2007)(quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)), against these two defendants in their individual capacities and in the absence of any objection by Farrell, further finds that Farrell's claims against these two defendants should likewise be dismissed.[1]

Further, to the extent in Proposition III that Farrell has alleged that he was denied his right to a speedy trial in violation of the sixth amendment to the United States Constitution and has sought monetary relief under section 1983 in connection with his conviction and sentence in the 78th District Court of Wichita County, Texas, the Court finds such claim "is not cognizable under . . . [section] 1983 . . . [since] 'a judgment in [Farrell's] favor . . . would necessarily imply the invalidity of his conviction or sentence,' [and Farrell

---

[1] To the extent that Magistrate Judge Purcell found that Farrell had failed to state a claim for which relief could be granted, the Court is mindful that the same standard applies to dismissals under title 28, section 1915(e)(2)(b)(ii) and dismissals under Rule 12(b)(6), F.R.Civ.P. The Tenth Circuit has recently given "fuller meaning to . . . [this] standard . . . in light of the [United States] Supreme Court's . . . decisions in Bell v. [Atlantic] Corp. v. Twombly, 127 S.Ct. 1955, 1970 (2007), and Erickson v. Pardus, 127 S.Ct. 2197 (2007)." Kay v. Bemis, 2007 WL 2694053 *2 (10th Cir. September 11, 2007). Courts now must "'look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.'" Id. (quoting Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007)).

has not] . . . demonstrate[d] that . . . [his] conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643 (1997)(quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)).

In Propositions V and VI, Farrell has sought restoration of earned credits that were forfeited in a disciplinary proceeding that resulted from his misconduct conviction for escape. Such claim is more appropriately pursued through a petition for writ of habeas corpus, and Farrell has concurred with Magistrate Judge Purcell's recommendation in this regard.

Finally, the Court finds the claims in Propositions V and VI are repetitious of claims unsuccessfully asserted in Farrell v. Warden Franklin, No. CIV-06-726-C (W.D. Okla.); e.g., Order Adopting Report and Recommendation, No. CIV-06-726-C (W.D. Okla. August 25, 2006); Farrell v. Franklin, No. 06-6280, 2006 WL 3804593 (10th Cir. December 28, 2006)(Order Denying Certificate of Appealability), and should be dismissed as frivolous under title 28, sections 1915A(b)(1) and 1915(e)(2)(B) of the United States Code.

Accordingly, the Court

(1) DISMISSES with prejudice all claims asserted by Farrell against the DOC and all claims asserted against Jones and Tims in their official capacities;

(2) DISMISSES without prejudice all claims for monetary relief asserted by Farrell against Jones in his individual capacity;

(3) DISMISSES without prejudice all claims for monetary relief against Tims in her individual capacity as set forth in Propositions I, II, III and IV and all claims based upon an alleged constitutional deprivation (assessment of custody level) as set forth Propositions V and VI;

(4) DISMISSES without prejudice Proposition III to the extent Farrell has sought monetary relief in connection with the Texas state court proceeding;

(5) DISMISSES without prejudice for the reasons asserted herein Propositions V and VI; and

(6) CONCURS with Magistrate Judge Purcell's finding that dismissal pursuant to sections 1915A(b) and 1915(e)(2)(B) may constitute one "strike" under title 28, section 1915(g) of the United States Code.

ENTERED this _4th_ day of October, 2007.

_____
LEE R. WEST
UNITED STATES DISTRICT JUDGE